IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

RONALD HOPE,

        Plaintiff,

v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.

CV. 10-1576RE

OPINION AND ORDER

REDDEN, Judge:

Plaintiff Ronald Hope ("Hope"), brings this action to obtain judicial review of a final decision of the Commissioner of the Social Security Administration ("Commissioner") denying her claim for Disability Insurance Benefits ("DIB"). For the reasons set forth below, the decision of the Commissioner is affirmed and this matter is dismissed.

///

1 - OPINION AND ORDER

## BACKGROUND

Born in 1970, Hope has an eighth grade education and a General Equivalency Diploma. He has worked as a home attendant, fast food restaurant manager, retail store manager, cashier, dining room attendant, fast food worker, and video store sales clerk. In August 2007, Hope filed applications for Disability Insurance Benefits and Supplemental Security Income alleging disability since June 28, 2002, due to depression and anxiety.. His applications were denied initially and upon reconsideration. On October 8, 2009, a hearing was held before an Administrative Law Judge ("ALJ"). In a decision dated November 5, 2009, the ALJ found Hope not disabled. Hope's request for review was denied, making the ALJ's decision the final decision of the Commissioner. Hope now seeks judicial review of the Commissioner's decision.

## ALJ's DECISION

The ALJ found Hope had the medically determinable severe impairments of obesity, major depressive disorder, and social anxiety .

The ALJ determined that Hope retained the residual functional capacity to perform a limited range of light work, with simple, 1-2 step tasks, only occasional changes in the work setting, the occasional need for decision making, and occasional interaction with the public and co-workers. Tr. 16.

The ALJ determined that Hope was not able to perform his past relevant work. The ALJ found that there were significant numbers of jobs that plaintiff could perform, citing those identified by the vocational expert, including small products assembler and electrical assembler. Tr. 19-20.

The medical records accurately set out Hope's medical history as it relates to his claim for benefits. The court has carefully reviewed the extensive medical record, and the parties are familiar with it. Accordingly, the details of those medical records will be set out below only as they are relevant to the issues before the court.

## DISCUSSION

Hope contends that the ALJ erred by: (1) finding him not fully credible; (2) failing to follow SSR 82-59; (3) improperly rejecting lay testimony; and (4) failing to develop the record.

**I. Credibility**

The ALJ must consider all symptoms and pain which "can be reasonably accepted as consistent with the objective medical evidence and other evidence." 20 C.F.R. §§ 404.1529(a); 416.929(a). Once a claimant shows an underlying impairment which may "reasonably be expected to produce pain or other symptoms alleged," absent a finding of malingering, the ALJ must provide "clear and convincing" reasons for finding a claimant not credible. *Lingenfelter v. Astrue,* 504 F.3d 1028, 1036 (9th Cir. 2007)(citing *Smolen v. Chater,* 80 F.3d 1273, 1281 (9th Cir. 1996)). The ALJ's credibility findings must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." *Orteza v. Shalala,* 50 F.3d 748, 750 (9th Cir. 1995)(citing *Bunnell v. Sullivan,* 947. F.2d 341, 345-46 (9th Cir. 1991)(*en banc*)).

The ALJ may consider objective medical evidence and the claimant's treatment history, as well as the claimant's daily activities, work record, and observations of physicians and third parties with personal knowledge of the claimant's functional limitations. *Smolen,* 80 F.3d at 1284. The ALJ may additionally employ ordinary techniques of credibility evaluation, such as

3 - OPINION AND ORDER

weighing inconsistent statements regarding symptoms by the claimant. *Id.* The ALJ may not, however, make a negative credibility finding "solely because" the claimant's symptom testimony "is not substantiated affirmatively by objective medical evidence." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2005).

The ALJ concluded that Hope was not fully credible as to the intensity, persistence and limiting effects of his symptoms:

> Treatment records reflect that the claimant has put very little effort into improving his social skills or personal hygiene. For example, he reported avoiding people out of fear of being judged by them. [Citation omitted]. However, the claimant would frequently appear in public with bad hygiene that would inevitably cause a negative reaction. [Citations omitted]. In addition, counseling records indicate that the claimant did little to help himself, despite knowing what steps he needed to take. Counselor's [sic] have stressed to the claimant that although they would like to see him make healthy changes, they were not able to make the changes for him, and it did not appear he wanted to make them on his own. [Citation omitted]. The claimant testified that he had had difficulty with counseling because every time he got close to a counselor they would leave. However, the record reflects that when the claimant was given the option to continue treatment with a counselor that he liked and worked with for over a year, he declined to go to her new office because it would be inconvenient for him. [Citation omitted]. Additionally, claimant was not consistent in his counseling treatment. He stopped attending counseling in October, 2006, and failed to respond to multiple attempts by his counselor to continue therapy. [Citation omitted]. While attending counseling sessions, claimant was given many suggestions to help him overcome his anxiety and social phobia. The record is consistent that the claimant failed to follow the recommendations of his counselors, and did little to help himself.

Tr. 17.

Noncompliance with a prescribed course of treatment is a clear and convincing reason to find a claimant's subjective complaints less than fully credible. *Bunnell v. Sullivan*, 947 F.2d

341, 346 (9th Cir. 1991). In addition, the ALJ cited the reports in which, with a single exception, mental health professionals assigned the claimant a Global Assessment of Functioning ("GAF") of between 55 and 60, indicating only moderate symptoms or moderate difficulty in social and occupational functioning. Tr. 314 (August 2005), 318 (October 2005). *Diagnostic & Statistical Manual of Mental Disorders* (DSM-IV-TR) 34 (4th ed. 2000).

The ALJ's credibility determination is supported by clear and convincing reasons and based on substantial evidence.

## II. Social Security Regulation ("SSR") 82-59

Plaintiff contends that the ALJ erred by failing to follow the treatment compliance analysis set out in SSR 82-59. The Rule provides that individuals "with a *disabling impairment* which is amendable to treatment that could be expected to restore their ability to work must follow the prescribed treatment to be found under a disability...." (Emphasis in original).

The Rule only applies when an ALJ finds a claimant disabled but for his failure to follow prescribed treatment. It does not apply here. In this case, the ALJ did not find the claimant disabled, and found that the claimant's failure to follow prescribed treatment was evidence of his credibility.

## III. Lay Witness Testimony

The ALJ has a duty to consider lay witness testimony. 20 C.F.R. §§ 416.913(d), 416.945(a)(3); *Bruce v. Astrue,* 557 F.3d 1113, 1115 (9th Cir. 2008). Friends and family members who observe the claimant's symptoms and daily activities are competent to testify about the claimant's condition. *Dodrill v. Shalala,* 12 F.3d 915, 918-19 (9th Cir. 1993). The ALJ

may not reject such testimony without comment and must give reasons germane to the witness for rejecting her testimony. *Nguyen v. Chater,* 100 F.3d 1462, 1467 (99th Cir. 1996).

The ALJ considered the statement of Kelly Hope, the claimant's sister:

> Ms. Hope reported that the claimant performed limited activities of daily living, had limited social activities, had difficulty sleeping, and had bad personal hygiene. [Citation omitted]. While Ms. Hope's observations are generally credible and consistent with the claimant's own reports, her statements regarding the claimant's alleged symptoms and limitations are given limited weight. Ms. Hope lives with the claimant and their mother, and she too is unemployed. It appears that Mr. Hope gets little positive reinforcement from his family members; on the contrary, they seem to encourage his lack of motivation and are complacent with the status quo in the household, with no one being gainfully employed or motivated to change their situation.
>
> There is no evidence that Ms. Hope has the expertise to objectively evaluate the claimant's medical condition. In addition, the limitations noted by Ms. Hope do no [sic] support a conclusion that the claimant is disabled or has limitations greater than those determined in this decision.

Tr. 18.

The ALJ's inference is that Ms. Hope's testimony is not fully reliable because it is based upon reports of a claimant properly found not credible. *Valentine v. Astrue,* 574 F.3d 685, 694 (9th Cir. 2009). The ALJ properly gave little weight to the lay testimony.

**IV. Adequacy of the Record**

Plaintiff contends that the ALJ failed to develop the record as to whether his psychological impairments caused him not to follow treatment advice. An ALJ has a "duty to fully and fairly develop the record and to assure that a claimant's interests are considered." *Tonapetyan v. Halter,* 242 F.3d 1144, 1150 (9th Cir. 2001)(*quoting Brown v. Heckler,* 713 F.2d 441, 443 (9th Cir. 1983))(citation and internal quotation marks omitted).

6 - OPINION AND ORDER

The record shows that mental health professionals consistently advised plaintiff to take specific actions to control his symptoms. In October 2005, Howard Rosenbaum, M.D. evaluated plaintiff and advised him to continue counseling and go to vocational rehabilitation. Tr. 318. In August 2006, Dr. Rosenbaum advised him to establish a routine in life, and to consider volunteer work and vocational rehabilitation. Tr. 331. In October 2006, Jan DeRoest, Psy. D., advised plaintiff to dress appropriately to increase self esteem, and to walk to increase his metabolism. Tr. 344, 338. Dr. Rosenbaum "[d]iscussed the treatment for his depression may involve both meds and an effort on his part to increase his level of structure and activity. Recommended he set up schedule for grooming, doing household chores, and perhaps volunteer work." Tr. 339.

In January 2007 Dr. DeRoest advised plaintiff to go outside for a walk when angry. Tr. 630. He was advised to get out of the house more often. Tr. 352. In March 2007, Dr. Rosenbaum advised him to consider Overeaters Anonymous, a dietician, or Weight Watchers. Tr. 345. In April 2007 Dr. DeRoest advised him to get out of the house and walk. Tr. 370. In May 2007 plaintiff agreed to exercise for five minutes three times a week. Tr. 362. He agreed to walk with his mother and to go out to eat. Tr. 373. In June 2007 Dr. Rosenbaum reported that plaintiff mowed the lawn, and "[e]ncouraged patient to gradually increase time outside the home, starting by at least going for a short walk each day, gradually lengthening time of walk and then perhaps going to a store. Patient agreed to work on putting more structure into his life." Tr. 360.

In July 2007, Dr. DeRoest advised plaintiff that the scholarship covering his counseling would stop unless he showed more progress. Plaintiff agreed to walk three days a week and go on a family outing to the library. Tr. 379. In August 2007 plaintiff reported that he was not leaving the house because it was too hot or too wet. Tr. 385. In October 2007, Dr. DeRoest

7 - OPINION AND ORDER

asked whether plaintiff had done anything to help himself in the last few weeks, and "he reported that he hadn't, despite knowing what needed to be done. Discussed the states of change model, and he was able to place himself in the precontemplation stage, where he has been for the past year." Tr. 483. Dr. DeRoest advised plaintiff that he was not able to make the changes for him, and "he did not appear to want to make them on his own." *Id.*

There is no evidence that any treatment provider thought plaintiff incapable of following their advice. It was not necessary for the ALJ to order a consultative examination because the record contained enough evidence to support a determination. There is no ambiguity requiring resolution.

## CONCLUSION

For these reasons, the ALJ's decision that Hope is not disabled is based on correct legal standards and supported by substantial evidence. The decision of the Commissioner is affirmed and this case is dismissed.

IT IS SO ORDERED.

Dated this 22 day of February, 2012.

JAMES A. REDDEN
United States District Judge